■ Song C. Gallo et al., Appellants, v Blue Spruce Associates, Inc., et al., Respondents. [630 NYS2d 560] —In an action for rescission of a contract for the sale of a golf course, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated December 17, 1993, as denied the branches of their motion which were for a preliminary injunction or a temporary restraining order, for an order tolling all of the mortgage payments, for an order allowing them to make such payments into an interest-bearing escrow account, for an order of attachment pursuant to CPLR 6201, and for an order pursuant to CPLR 6220 directing the defendants to file a schedule of their assets with the court.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the branch of the plaintiffs' motion which was for an order allowing them to make their mortgage payments into an interest-bearing escrow account and substituting therefor a provision granting that branch of the plaintiffs' motion and directing them to make their monthly mortgage payments to their attorneys, who will hold the payments in interest-bearing escrow account number 690-0151738 in the Bank of New York until resolution of this action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court correctly denied the branches of the plaintiffs' motion which were for a preliminary injunction or a temporary restraining order, for an order tolling all of the mortgage payments, for an order of attachment, and for an order directing the defendants to file a schedule of their assets with the court. However, the Supreme Court should have allowed the plaintiffs to make their monthly mortgage payments into the aforementioned escrow account pending resolution of this action. The defendants, who are concededly debt-ridden, have relocated to South Korea, with the result that, should the plaintiffs prevail in this action after having sent their mortgage payments to South Korea, any judgment in their favor would be difficult, if not impossible, to execute. Bracken, J. P., Joy, Friedmann and Krausman, JJ., concur.